16-1753
Singh v. Sessions

BIA
Christensen, IJ
A200 939 212

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 30th day of May, two thousand eighteen.

PRESENT:
REENA RAGGI,
DENNY CHIN,
CHRISTOPHER F. DRONEY,
*Circuit Judges.*

_____

DAVINDER SINGH,
*Petitioner,*

v.                                          16-1753
NAC

JEFFERSON B. SESSIONS III,
UNITED STATES ATTORNEY GENERAL,
*Respondent.*

_____

FOR PETITIONER:      Adrian Spirollari, Brooklyn, N.Y.

FOR RESPONDENT:      Chad A. Readler, Acting Assistant Attorney General; John S. Hogan, Assistant Director; Matthew A. Spurlock, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Davinder Singh, a native and citizen of India, seeks review of a May 4, 2016 decision of the BIA affirming a January 12, 2015 decision of an Immigration Judge ("IJ") denying Singh's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Davinder Singh*, No. A200 939 212 (B.I.A. May 4, 2016), *aff'g* No. A200 939 212 (Immig. Ct. N.Y.C. Jan. 12, 2015).

Under the circumstances of this case, we review both the IJ's and the BIA's decisions, *see Wangchuck v. Dep't of Homeland Sec.*, 448 F.3d 524, 528 (2d Cir. 2006), applying well-established standards of review, *see* 8 U.S.C. § 1252(b)(4)(B); *Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 165-66 (2d Cir. 2008). In so doing, we assume familiarity with the underlying facts and procedural history of this case, which we reference only as necessary to explain our decision to deny the petition.

Under the REAL ID Act of 2005, the agency may, "[c]onsidering the totality of the circumstances," base an

adverse credibility finding upon an asylum applicant's "demeanor, candor, or responsiveness" and inconsistencies in his statements, without regard to whether those inconsistencies go "to the heart of the applicant's claim." 8 U.S.C. § 1158(b)(1)(B)(iii); *see Xiu Xia Lin v. Mukasey*, 534 F.3d at 163-64. "We defer . . . to an IJ's credibility determination unless . . . it is plain that no reasonable fact-finder could make such an adverse credibility ruling." *Xiu Xia Lin v. Mukasey*, 534 F.3d at 167. Thus, in challenging an IJ's credibility determination, "[a] petitioner must do more than offer a plausible explanation for his inconsistent statements to secure relief; he must demonstrate that a reasonable fact-finder would be *compelled* to credit his testimony." *Majidi v. Gonzales*, 430 F.3d 77, 80 (2d Cir. 2005) (emphasis in original) (internal quotation marks omitted). For the reasons that follow, we conclude that Singh has not made that showing and that substantial evidence supports the agency's determination that Singh was not credible.

First, the agency's reliance on Singh's credible fear interview was appropriate. A credible fear interview warrants "close examination" because it may "be perceived as coercive" by the alien or fail to "elicit all of the details

3

supporting an asylum claim." *Ming Zhang v. Holder*, 585 F.3d 715, 724 (2d Cir. 2009). But "[w]here the record of a credible fear interview displays the hallmarks of reliability, it appropriately can be considered in assessing an alien's credibility." *Id.* at 725. Some "hallmarks of reliability" are that the interview questions and answers were memorialized, the interview was conducted through an interpreter, and the questions were designed to elicit a possible asylum claim. *Id.* These indicia of reliability are present here: the record reflects the questions asked and answers given; the interview was conducted through a Punjabi interpreter; the questions of whether Singh had been harmed and what would happen to him on return were designed to elicit an asylum claim; and there is no indication that Singh was reluctant to reveal information because he recounted in detail his fear of a rival political party. Although Singh contends that the credible fear interview was unreliable because the interviewer did not read the record back to him, Singh concedes that he intentionally omitted reference to his prior police arrests during the interview. A review of his interview account therefore would not have resulted in a more thorough record. Accordingly, the agency appropriately

4

considered Singh's credible fear interview in assessing his credibility.

Second, the agency reasonably relied on the discrepancy between Singh's credible fear interview and his asylum application in making the adverse credibility determination. At his credible fear interview, Singh stated that he was attacked by members of a rival political party, but his asylum application states that he was arrested and beaten by the Indian police. Singh's explanation that a smuggler advised him to avoid mentioning his fear of the police does not compel a contrary result, because it was reasonable for the IJ to conclude that Singh had changed his story to bolster his claim. *See Majidi v. Gonzales*, 430 F.3d at 80-81. Singh now attributes his differing accounts to the credible-fear interviewer, claiming that the interviewer asked him a compound question—whether he had been arrested *or* convicted—that made his answer of "no" ambiguous. This argument misses the mark, however, because it does not resolve the inconsistency between Singh's claim that he was attacked by political rivals and his claim that he was arrested and beaten by the police.

The adverse credibility determination is further supported by the inconsistencies between Singh's testimony

5

and the letters he submitted from fellow members of the Shiromani Akali Dal Amritsar ("SADA"). Singh testified that he was arrested and detained in India and that SADA was aware of his arrests. While the letters express general concern about encounters with the police by party members, they make no mention of Singh's own arrests. The IJ reasonably relied on this omission. *Xiu Xia Lin v. Mukasey*, 534 F.3d at 167 (upholding agency decision that rested on omissions from letters).

Finally, the agency reasonably determined that Singh's corroborating evidence did not rehabilitate his credibility. An applicant's failure to corroborate testimony may bear on credibility "because the absence of corroboration in general makes an applicant unable to rehabilitate testimony that has already been called into question." *Biao Yang v. Gonzales*, 496 F.3d 268, 273 (2d Cir. 2007). Given that Singh's credibility was already in question, the agency reasonably afforded diminished weight to Singh's letters from his father, wife, and head of his village in India because the authors were unavailable for cross examination and his father and wife were interested parties. *See Y.C. v. Holder*, 741 F.3d 324, 334 (2d Cir. 2013) (deferring to agency's determination that letter from relative in China was entitled

6

to limited weight because it was unsworn and submitted by an interested witness).  Additionally, the agency reasonably gave diminished weight to medical records that Singh submitted, which were prepared years after Singh received treatment.  *Xiao Ji Chen v. U.S. Dep't of Justice*, 471 F.3d 315, 342 (2d Cir. 2006) (explaining that weight accorded to applicant's evidence "lies largely within the discretion of the IJ" (internal alteration and quotation marks omitted)).

Given the inconsistencies in Singh's account and the lack of reliable or consistent corroboration, the totality of the circumstances supports the agency's adverse credibility determination.  *See Xiu Xia Lin v. Mukasey*, 534 F.3d at 165-67.  The credibility finding is dispositive of asylum, withholding of removal, and CAT relief because all three forms of relief were based on the same factual predicate.  *See Paul v. Gonzales*, 444 F.3d 148, 156-67 (2d Cir. 2006).

For the foregoing reasons, the petition for review is DENIED.  As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot.  Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of

Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court